# WINDHAM COUNTY.

## KELLY v. HASKELL.

Where the plaintiff recovered judgment in the court below, and the defendant filed exceptions, but execution was not stayed, and the defendant neglected to prosecute the case in this court, it was held, that this court would affirm the judgment, and also, that the plaintiff was entitled to costs in this court, unless he had reasonable notice, in writing, before the commencement of the term, that the case would be abandoned.

In this case the county court rendered judgment for the plaintiff, and the defendant tendered a bill of exceptions, which was allowed, and the case was passed to this court; but execution was not stayed. In this court the defendant did not prosecute his exceptions, and a question was made to the court in regard to the *form*, in which judgment should be entered up for the plaintiff. The plaintiff, having collected the amount of his judgment, only desired to be made safe in regard to retaining it, and to recover his costs for defending against this proceeding.

THE COURT said, they thought the party entitled to cost for defending this proceeding upon exceptions, unless he was reasonably satisfied, before the session of the court, that it would be abandoned; that to defeat his claim for cost, the practice of the court would seem to require that the notice should be *in writing*; that although, in a case where the execution is not stayed, there is no positive necessity that the judgment should be here affirmed, yet that that is the usual course and the correct *form* of entering up the judgment; and judgment was thereupon so entered up in this case.